■ . Thomson McKinnon Asset Management, Inc., et al., Appellants, v Reliance Insurance Company, Respondent. [626 NYS2d 490] —Order, Supreme Court, New York County (Walter Shackman, J.), entered October 11, 1994, which, insofar as

appealed from, denied plaintiffs' cross-motion for summary judgment, unanimously affirmed, without costs.

Plaintiffs sought reimbursement, pursuant to a Directors and Officers Policy issued by defendant, for sums paid on behalf of 12 directors and officers in settlement of a class action suit filed against these individuals and plaintiffs herein, as well as for legal fees expended in defending the case. The retention provision contained in the policy is as follows:

"ITEM D

| | | |
|---|---|---|
| | $ 5,000 | each Director or Officer, each loss, including claim expense, but in no event exceeding |
| RETENTION | 100,000 | in the aggregate each loss, including claim expense, as respects Directors and Officers |
| | 5,000,000 | in the aggregate each loss, including claim expense, as respects Company Reimbursement" |

At the time that the policy was issued, all of the parties to the contract knew that the maximum number of officers or directors employed by the parent company and its subsidiaries was less than 125.

Defendant moved to dismiss the complaint on the grounds that the reimbursement sought was below the $5 million deductible. Plaintiffs cross-moved for summary judgment urging that the deductible for company reimbursement was $60,000, based upon the fact that indemnification was made on behalf of 12 directors/officers.

The IAS Court properly denied summary judgment at this early stage of the proceedings, because the retention provision is ambiguous, and the intent of the parties cannot be discerned without resort to extrinsic evidence, particularly since, under plaintiffs' interpretation, the company reimbursement deductible could not be reached unless there were over 1,000 directors or officers indemnified by plaintiffs, thus rendering that provision virtually meaningless (see, Telemundo Group v Alden Press, 181 AD2d 453, 454-455; Slottow v American Cas. Co., 10 F3d 1355, 1360-1361). Concur—Murphy, P. J., Sullivan, Rubin, Asch and Williams, JJ.